# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL ERICK STACHMUS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-071-RAW |
| | ) |
| **THE GUARDIAN LIFE INSURANCE** | ) |
| **COMPANY OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of the plaintiff for judgment on the administrative record[1]. In a previous order (#52), the court determined that the arbitrary and capricious standard of review would govern this ERISA action. The court finds the following basic facts. On July 1, 2011, plaintiff's father purchased a policy of life insurance from defendant. Plaintiff's father selected $100,000 in voluntary term life coverage and $15,000 in basic life

---

[1] Plaintiff cites "Rules 54, 56 and/or 58" of the Federal Rules of Civil Procedure. (#45 at 4). As to Rule 56, "ERISA claims challenging the denial of benefits are typically replete with disputed questions of material fact which must be resolved by reference to the administrative record or remanded to the plan administrator for further proceedings. Consequently, the summary judgment standard of Rule 56 does not apply in review of ERISA benefits decisions, and the facts considered in this analysis need not be undisputed." *Manna v. Phillips 66 Co.,* 304 F.Supp.3d 1064, 1079 n.11 (N.D.Okla.2018). On the other hand, the court declines to adopt defendant's contention – albeit one supported by a district court citation – that in an ERISA action, the court's inquiry is a purely legal one and there are no factual determinations to be made. (#50 at page 5 of 29 in CM/ECF pagination).

coverage. (#25 at pages 147-150 of 161 in CM/ECF pagination). Plaintiff's father initially designated plaintiff [son] (50%) and Michael Andrew Stachmus [grandson] (50%) as death benefit beneficiaries. *Id.* On May 9, 2012 plaintiff's father submitted a form to defendant, changing the death beneficiaries to plaintiff (90%) and plaintiff's step-sister Andrea Dee Stewart [hereinafter "Andrea"] (10%). (#25 at page 144 of 161 in CM/ECF pagination).

The last day of work for plaintiff's father was August 23, 2013. (#26 at page 17 of 241 in CM/ECF pagination). Plaintiff's father died on September 4, 2013. (#26 at page 11 of 241 in CM/ECF pagination). On October 7, 2013, defendant received a claim form seeking policy benefits. (#25 at pages 153-160 of 161 in CM/ECF pagination). The claims were made by Katherine Hope Stachmus [plaintiff's stepmother], Darrell Stachmus [plaintiff's stepbrother], and Andrea. *Id.* Also evidently submitted was a General Power of Attorney, bearing the signature of plaintiff's father, and dated July 27, 2011, granting Andrea enumerated powers of attorney. (#25 at page 161 of 161; #26 at pages 2-3 of 241 in CM/ECF pagination)[2]. Also evidently submitted was a beneficiary designation, with a signature (dated August 27, 2013) "Michael Strachmus by A. Stachmus." (#26 at page 8 of 241 in CM/ECF pagination.) This designation made Andrea, Katherine Hope Stachmus, and Darrell Stachmus death beneficiaries under the policy in percentages of 50%, 25% and 25%, respectively.

On October 15, 2013, Scott Krause (defendant's claims examiner) sent an email to

---

[2]Plaintiff concedes the Power of Attorney was genuine. (#45 at 12-13).

Andrea Stachmus which noted the receipt of the claim. It inquired "To the best of your knowledge, was Michael Stachmus incapacitated at the time the beneficiary change dated August 27, 2014 was initiated?" (#25 at page 133 of 161 in CM/ECF pagination). The same day, Krause received a response from Andrea Stachmus, stating: "My father, Michael Stachmus, personally instructed me to make the changes to the policy and was not incapacitated in any way when the changes were requested." (*Id.* at page 132 of 161 in CM/ECF pagination).

On October 17, 2013, defendant paid the October 7, 2013 claim. (#26 at page 18 of 241 in CM/ECF pagination). On October 28, 2013, defendant received a handwritten letter from plaintiff, stating his belief that he was a 90% beneficiary on his father's policy and asking for information or payment. (#25 at pages 126-127 of 161 in CM/ECF pagination). The following day, Krause responded that the beneficiary change dated August 27, 2013, rendered the previous beneficiary designations of May 9, 2012 "null and void." (*Id.* at page 118 of 161 in CM/ECF pagination). Plaintiff executed a proof of death claim form on January 13, 2016 and it was submitted to defendant on January 26, 2016. (#25 at pages 113-116 of 161 in CM/ECF pagination). The claim was received by defendant on February 2, 2016. (#26 at page 18 of 241 in CM/ECF pagination). Plaintiff's claim was denied on March 14, 2016 (#26 at pages 179-180 of 241 in CM/ECF pagination). By letter of July 8, 2016, defendant requested information from plaintiff to support his claim. (#25 at pages 61-62 of 161 in CM/ECF pagination). Plaintiff's appeal of the decision was denied October 10,

2016. (#26 at pages 55-58 of 241 in CM/ECF pagination).

As stated, the court has previously ruled that the "arbitrary and capricious" standard of review governs[3]. Under that standard, the administrator's decision need not be the only logical one nor even the best one. It need only be sufficiently supported by facts within its knowledge to counter a claim that it was arbitrary or capricious. *Kimber v. Thiokol Corp.,* 196 F.3d 1092, 1098 (10th Cir.1999). The reviewing court need only assure that the administrator's decision falls somewhere on a continuum of reasonableness – even if on the low end. *Id.* To make this determination, the court looks for substantial evidence in the record to support the administrator's conclusion, meaning more than a scintilla of evidence that a reasonable mind could accept as sufficient to support a conclusion. *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1134 (10th Cir.2011).

Plaintiff has not differentiated his claim or claims according to statutory language. That is to say, he has not specified under which ERISA provision he intends to proceed. The first amended complaint seeks insurance benefits, but it also seeks "declaratory relief" and "other appropriate equitable relief." (#8 ¶18). Plaintiff states that the denial of his claim constitutes both breach of contract and of defendant's fiduciary duty. (#45 at 10). Generally, (although plaintiff in the case at bar does not express it in this fashion) a claim for benefits arises under 29 U.S.C. §1132(a)(1)(B), while 29 U.S.C. §1132(a)(3) provides for equitable

---

[3] Alternatively called the "abuse of discretion" standard." *See Chambers v. Family Health Plan Corp.,* 180 F.3d 818, 825 n.1 (10th Cir.1996).

relief[4].

Plaintiff's theory of recovery, in part, is that defendant breached its fiduciary duty to conduct an adequate investigation. Preliminarily, defendant asserts that plaintiff's first amended complaint does not allege a claim for breach of fiduciary duty. (#50 at n.4). The court finds plaintiff makes sufficient allegations. This is almost necessarily so in that ERISA itself sets forth "general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity,* 516 U.S. at 496. In other words, §1132(a)(1)(B) itself provides a "remedy for *breaches of fiduciary duty* with respect to the interpretation of plan documents and the payment of claims." *Id.* at 512 (emphasis added).

Defendant also asserts it "does not concede that it was a plan fiduciary." (#50 at n.4). Defendant cites the statutory definition of one exercising "any discretionary authority or discretionary control" regarding a plan. *See* 29 U.S.C. §1002(21)(A). Earlier in the same brief, however, defendant states: "[Defendant's] decision should be reviewed for abuse of discretion because the policy unequivocally grants [defendant] "'discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims.'" (*Id.* at page 18 of 29 in CM/ECF pagination). The court finds defendant qualifies as a fiduciary.

---

[4]In *Varity Corp. v. Howe,* 516 U.S. 489 (1996), the Supreme Court held that §1109(a) [also dealing with breach of fiduciary duty] provides relief only for benefit plans and not individuals, but that §1132(a)(3) could provide individualized relief, stating that §1132(a)(3) operated as a "catchall" provision offering appropriate equitable relief for injuries caused by violations that §1132 did not elsewhere adequately remedy.

5

In an unpublished decision, the Tenth Circuit held that if a claimant sought recovery of benefits due under §1132(a)(1)(B), there was an adequate, non-equitable remedy that barred the claimant from seeking equitable relief under §1132(a)(3). *Lefler v. United Healthcare of Utah,* 72 Fed.Appx. 818, 827 (10th Cir.2003). In view of the intervening decision in *CIGNA Corp. v. Amara,* 563 U.S. 421 (2011), however, "some courts began to reconsider the analysis." *Shore v. Proctor & Gamble Health and Long-Term Disability Plan,* 2018 WL 5045193, *3 (D.Kan.2018). The Eighth Circuit draws the distinction that a defendant's "alleged liability under (a)(3) flows from the process, not the denial of benefits itself." *See Jones v. Aetna Life Ins. Co.,* 856 F.3d 541, 547 (8th Cir.2017). Arguably, plaintiff's claim herein encompasses both. In an abundance of caution, the court will consider that plaintiff has asserted both a claim for benefits and a claim for equitable relief, although they overlap a good deal.

Plaintiff correctly notes that in *Gaither v. Aetna Life Ins. Co.,* 394 F.3d 792 (10th Cir.2004), the Tenth Circuit stated that "[w]hile a fiduciary has a duty to protect the plan's assets against spurious claims, it also has a duty to see that those entitled to benefits receive them." *Id.* at 807-08. Further, "[a]n ERISA fiduciary presented with a claim that a little more evidence may prove valid should seek to get to the truth of the matter." *Gaither,* 394 F.3d at 808. Here, defendant requested if plaintiff had additional evidence.

Plaintiff concedes he did not provide additional evidence despite defendant's request (#45 at 24), but still contends defendant "had the fiduciary duty to conduct a much, much

more thorough investigation." (#45 at 11). "Indeed, there are instances in which administrators **must** seek evidence beyond that submitted by claimants. This is such a case." (*Id.* at 12)(emphasis in original)[5]. In plaintiff's view, the facts of this case require burden-shifting, resulting in the conclusion that defendant had "the burden of coming forward with clear and convincing evidence that neither undue influence nor fraud were imposed upon the Insured . . . ." (#45 at 15).

The court disagrees. Generally, a plaintiff challenging a benefits decision under §1132(a)(1)(B) bears the burden of proving entitlement to benefits. *See Hodges v. Life Ins. Co. of North Amer.,* 920 F.3d 669, 680 (10th Cir.2020). Specifically as to proving causation, the Tenth Circuit rejected a burden-shifting concept in *Pioneer Centres Hold. v. Alerus Financial, N.A.,* 858 F.3d 1324, 1334-37 (10th Cir.2017). At various points, plaintiff cites state law as creating a presumption of undue duress or fraud. This court finds that "designation of beneficiaries under an ERISA plan is governed by federal law, and any state law on the subject . . . is preempted." *Unum Life Ins. Co. of Amer. v. Johnson,* 2008 WL 2778255, *2 (W.D.Okla.2008)[6].

Under federal law, "[a]n administrator's decision is not arbitrary and capricious for failing to take into account evidence not before it." *Sandoval v. Aetna Life & Cas. Ins. Co.,*

---

[5]Plaintiff cites no authority for this argument.

[6]In the interest of thoroughness, however, the court notes that plaintiff's argument that the designation of beneficiary violated 15 O.S. §1012(4) appears to be incorrect. Andrea was named as a beneficiary by the insured himself in 2012. (#25 at page 144 of 161 in CM/ECF pagination).

7

967 F.2d 377, 381 (10th Cir.1992). "If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence." *Id.* at 382.

Plaintiff next argues that the beneficiary designations did not "take effect" under the policy because the employer was not given written confirmation as the policy requires. (#27 at page 19 of 145 in CM/ECF pagination)[7]. Again, the court does not agree. Katherine Hope Stachmus's claim form was signed by the employer, recommending payment on the claim. (#25 at page 154 of 161 in CM/ECF pagination). This is adequate indication that the employer had knowledge, and thus the defendant's decision was not arbitrary and capricious. Additionally, in a document sent by plaintiff to defendant he states he was a beneficiary under the policy "but removed by change form 8/27/2013." (#26 at page 130 of 241 in CM/ECF pagination). Plaintiff did not submit a claim under over two years later.

The court concludes plaintiff has failed to demonstrate either entitlement to recovery of benefits under §1132(a)(1)(B) or entitlement to equitable relief pursuant to §1132(a)(3). Accordingly, the court rules in favor of the defendant.

---

[7] Defendant argues that this is an argument that plaintiff did not raise below. Plaintiff argues that the argument was raised below but that defendant did not address it until now. The district court generally may consider only the arguments and evidence before the administrator at the time it made its decision. *Sandoval,* 967 F.2d at 380. The court finds the issue is present in the record, and evidence in the record resolves the issue. Therefore, the court is not violating the principle above.

It is the order of the court that the motion of the plaintiff for judgment on the administrative record (#45) is denied. Judgment is entered in favor of defendant.

**IT IS SO ORDERED** this 30th day of MARCH, 2020.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**